November 9, 2017

<u>**VIA ECF**</u>

Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Rm 443
New York, NY 10007

Re:     *Tannen v. CBS Interactive Inc.*, 1:17-cv-1169 (VEC)


Dear Judge Caproni:

        Pursuant to the Court's Scheduling Order [Docket #15], the parties hereby submit a joint letter regarding status of the case.

a.    STATEMENT OF ALL EXISTING DEADLINES, DUE DATES AND ANY ADDITIONAL DISCOVERY THAT NEEDS TO BE COMPLETED.

| # | Description | Deadline |
|---|---|---|
| 1 | Defendant's Response to Plaintiff's Requests for Admissions | November 15, 2017 |
| 2 | Defendant's Deposition of Jon Tannen | November 15, 2017 |
| 3 | Plaintiff's Deposition of Alex Gleitman | November 16, 2017 |
| 4 | Mutual exchange of documents responsive to parties' requests | November 14, 2017 |
| 5 | Pre-trial conference | November 17, 2017 |
| 5 | Completion of all expert discovery | January 3, 2018 |


b.    BRIEF DESCRIPTION OF ANY OUTSTANDING MOTIONS

        Currently, there are no outstanding motions.

c.    BRIEF DESCRIPTION OF THE STATUS OF DISCOVERY AND OF ANY ADDITIONAL DISCOVERY THAT NEEDS TO BE COMPLETED OUTSTANDING

        <u>Plaintiff</u> has served the following: (a) initial disclosures; (b) first set of interrogatories; (c) first set of requests for production of documents; (d) first set of requests for admissions; (e) notice of deposition for Alex Gleitman.  Defendant has served untimely responses to the interrogatories and requests for production of documents and has therefore waived its objections. Defendant's response to the request for admissions is due November 15, 2017.  Plaintiff does not anticipate the need for further fact discovery.

Defendant has served the following: (a) initial disclosures; (b) first set of requests for production of documents; and (c) notice of deposition for Jon Tannen.  Plaintiff has served responses to Defendant's request for production of documents.

The parties have yet to exchange documents, but plan to do so by no later than November 14, 2017.

**d.    STATEMENT DESCRIBING THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND WHETHER THE PARTIES WOULD LIKE A SETTLEMENT CONFERENCE**

**(i)    Plaintiff's Statement**:  At the initial case management conference held on August 18, 2016, counsel for Defendant CBSI indicated that his client would not settle this case without considering other infringement actions which Tannen may have against CBSI involving photographs that are not subject to the current dispute.  The Court emphasized that it would be prudent for plaintiff to include any other photographs as part of the negotiation.

Consistent with the Court's instructions, on October 8, 2017, plaintiff tendered a reasonable settlement offer which included a total of six photographs: two of which are part of the instant case and four of which have yet to be litigated.  Defendant submitted a counter-offer and Plaintiff thereafter made another demand.

On October 27, 2017, in the midst of settlement negotiations on this case, Ballard Spahr LLP, the *same law firm* which serves as defense counsel here, filed a patently frivolous copyright infringement case on behalf of CBS against Tannen in obvious retaliation for this lawsuit.  *See CBS v. Tannen*, 1:17-cv-8321 (PAE). That case involves Tannen's posting of a screenshot from a 58-year-old episode of the TV show "Gunsmoke" on his personal Facebook page.  *Newsweek* commented that "the case against Tannen seems to be somewhat retaliatory."[1]  *Torrentfreak.com* stated that "CBS Broadcasting has launched one of the most unusual copyright infringement cases in recent history."[2]  *Arstechnica.com* commented that CBS' lawsuit against Tannen is "essentially a retaliatory strike" and that "CBS has sued a photographer for copyright infringement for doing something that's practically ubiquitous in the news and entertainment business - publishing still images from a television show."[3]  CBS' frivolous lawsuit has been assigned to Judge Engelmeyer and Tannen's answer is not due until December 30.

Because the action before this Court is an "open-and-shut" copyright infringement case, Plaintiff remains amenable to participating in a settlement conference at any time.

**(ii)    Defendant's Statement**:

---

[1] *See* http://www.newsweek.com/cbs-sues-man-sharing-screenshot-59-year-old-episode-gunsmoke-social-media-697477

[2] *See* https://torrentfreak.com/cbs-sues-man-for-posting-image-of-a-59-year-tv-show-on-social-media-171030/

[3] *See* https://arstechnica.com/tech-policy/2017/10/cbs-sues-man-for-copyright-over-screenshots-of-59-year-old-tv-show/?comments=1

At the outset of the case, Defendant participated in good faith in the mediation ordered by the Court and believed that progress had been made.  The process was scuttled in the end, however, when Plaintiff surprised Defendant and the Mediator by increasing his settlement demand to cover claims that were not included in the complaint.  Following the initial pretrial conference in this case, the parties have exchanged settlement demands and offers.  Because Plaintiff continues to demand more than 100 times the value of a license for the use made by Defendant, settlement has not been reached.  Defendant believes that a settlement conference would be useful.

**e.**     **STATEMENT OF THE ANTICIPATED LENGTH OF TRIAL AND WHETHER THE CASE IS TO BE TRIED TO A JURY**

The parties anticipate trying this case before a Jury.  The length of trial will be 2-3 days.

**f.**     **STATEMENT OF WHETHER ANY PARTY ANTICIPATES FILING A MOTION FOR SUMMARY JUDGMENT OR A MOTION TO EXCLUDE EXPERT TESTIMONY**

Plaintiff seeks to file a motion for partial summary judgment on Defendant's liability for copyright infringement. If Defendant serves an expert report, Plaintiff reserves the right to file a motion to exclude such expert testimony if warranted.

Defendant reserves until the conclusion of its deposition of Plaintiff its determination of whether to file a motion for summary judgment.

**g.**     **ANY OTHER ISSUE THAT THE PARTIES WOULD LIKE TO ADDRESS AT THE PRETRIAL CONFERENCE**

Plaintiff: No other issues.

Defendant: No other issues.

**h.**     **ANY OTHER INFORMATION THAT THE PARTIES BELIEVE MAY ASSIST THE COURT IN ADVANCING THE CASE TO SETTLEMENT OR TRIAL**

Plaintiff: No other information.

Defendant: No other information.

Respectfully Submitted,

LIEBOWITZ LAW FIRM PLLC
By: /richardliebowitz/
       Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660

rl@liebowitzlawfirm.com

*Counsel for Plaintiff*


BALLARD SPAHR LLP
By: /robertpenchina/
        Robert Penchina
919 Third Avenue
37th Floor
New York, NY 10022
(212) 850-6109
penchinar@ballardspahr.com